

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROSA MORISHITA,

                Plaintiff,

      v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

Case No. EDCV 13-2107-JEM

MEMORANDUM OPINION AND
ORDER AFFIRMING DECISION OF
THE COMMISSIONER OF SOCIAL
SECURITY

**PROCEEDINGS**

    On November 27, 2013, Rosa Morishita ("Plaintiff" or "Claimant") filed a complaint

seeking review of the decision by the Commissioner of Social Security ("Commissioner")

denying Plaintiff's applications for Widow's Insurance Benefits and Supplemental Social

Security Income benefits.  The Commissioner filed an Answer on March 5, 2014.  On

June 18, 2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for

decision.

    Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record

("AR"), the Court concludes that the Commissioner's decision must be affirmed and this

case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 55-year-old female who applied for Social Security Widow's Insurance Benefits[1] and Supplemental Security Income benefits on June 2, 2011, alleging disability beginning December 2, 2008.  (AR 10.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 2, 2008, the alleged onset date.  (AR 12.)

Plaintiff's claims were denied initially on June 30, 2011, and on reconsideration on September 15, 2011.  (AR 10.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Alan J. Markiewicz on August 9, 2012, in Moreno Valley, California.  (AR 10.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 10.)  Vocational expert ("VE") Kristan V. Sagliocco also appeared and testified at the hearing.  (AR 10.)

The ALJ issued an unfavorable decision on August 31, 2012.  (AR 10-18.)  The Appeals Council denied review on September 26, 2013.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ has properly considered the relevant medical evidence of record in assessing Ms. Morishita's residual functional capacity.

2.    Whether the decision properly considered Ms. Morishita's subjective complaints and properly assessed her credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan,

---

[1]    It was previously found that Claimant is the unmarried widow of the deceased insured worker and had attained the age of 50 on the alleged disability onset date.  She met the non-disability requirements for disabled widow's benefits set forth in Section 202(e) of the Social Security Act.  (AR 12, 16.)

1  924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by
2  substantial evidence and based on the proper legal standards).

3      Substantial evidence means "'more than a mere scintilla,' but less than a
4  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting
5  Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such
6  relevant evidence as a reasonable mind might accept as adequate to support a
7  conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation
8  omitted).

9      This Court must review the record as a whole and consider adverse as well as
10  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).
11  Where evidence is susceptible to more than one rational interpretation, the ALJ's
12  decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599
13  (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole
14  and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"
15  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.
16  1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

17  **THE SEQUENTIAL EVALUATION**

18      The Social Security Act defines disability as the "inability to engage in any
19  substantial gainful activity by reason of any medically determinable physical or mental
20  impairment which can be expected to result in death or . . . can be expected to last for a
21  continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),
22  1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to
23  determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

24      The first step is to determine whether the claimant is presently engaging in
25  substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the
26  claimant is engaging in substantial gainful activity, disability benefits will be denied.
27  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether
28  the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 2, 2008, the alleged onset date.  (AR 12.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: diabetes, hypertension, heart arrhythmia, and arthritis of the left shoulder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).  (AR 12-13.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 13.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently.  She can stand and/or walk for six hours of an eight-hour workday with regular breaks.  She can sit for six hours out of an eight-hour workday with regular breaks.  She is unlimited with respect for pushing and/or pulling, other than as indicated for lifting and/or carrying.  She has no postural limitations.  She is limited to occasional overhead reaching with the left upper extremity.

(AR 13-16.)  In determining this RFC, the ALJ made an adverse credibility determination.  (AR 14.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a marker in the retail industry.  (AR 16.)  The ALJ, however, also found that, considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including inspector, assembler and sorter.  (AR 17.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act.  (AR 17.)

**DISCUSSION**

1

2        The ALJ decision must be affirmed.  The ALJ properly considered the medical

3   evidence and properly discounted Plaintiff's credibility.  The ALJ's RFC is supported by

4   substantial evidence.  The ALJ's nondisability determination is supported by substantial

5   evidence and free of legal error.

6   **I.      THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

7        **A.      Relevant Federal Law**

8        The ALJ's RFC is not a medical determination but an administrative finding or

9   legal decision reserved to the Commissioner based on consideration of all the relevant

10  evidence, including medical evidence, lay witnesses, and subjective symptoms.  See

11  SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must

12  consider all relevant evidence in the record, including medical records, lay evidence, and

13  the effects of symptoms, including pain reasonably attributable to the medical condition.

14  Robbins, 446 F.3d at 883.

15       In evaluating medical opinions, the case law and regulations distinguish among

16  the opinions of three types of physicians:  (1) those who treat the claimant (treating

17  physicians); (2) those who examine but do not treat the claimant (examining physicians);

18  and (3) those who neither examine nor treat the claimant (non-examining, or consulting,

19  physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d

20  821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating

21  physician's opinion because a treating physician "is employed to cure and has a greater

22  opportunity to know and observe the patient as an individual."  Magallanes v. Bowen,

23  881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the

24  issues of the nature and severity of a claimant's impairments is well-supported by

25  medically acceptable clinical and laboratory diagnostic techniques, and is not

26  inconsistent with other substantial evidence in the case record, the ALJ must give it

27  "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

28

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

Plaintiff contends that the ALJ's RFC is flawed in two respects.  Plaintiff argues that the ALJ's RFC should have required a cane for ambulation and included a limitation to occasional reaching in all directions with her left upper extremity.  The ALJ's RFC, however, is supported by substantial evidence.

1.    Need For A Cane

As to the need for a cane, the ALJ specifically found that Claimant's medically determinable impairments of right knee pain, cervical spine pain and lumbar spine pain are nonsevere.  (AR 13.)  The ALJ found no medical evidence of left leg pain.  (AR 13.)

Accordingly, the ALJ's light work RFC indicates Plaintiff can stand and/or walk for six hours out of the eight hour day. (AR 13.) No cane was required. (AR 12.) In support of his RFC, the ALJ specifically found that "the evidence does not support the Claimant's statements regarding the need for a cane." (AR 14.) Claimant testified at the hearing she started using a cane in July 2012 (AR 14), only a month before the hearing. The ALJ noted that physical therapy records from June and July 2012 confirm some difficulty with ambulation but do not reflect that Claimant needs an assistive device. (AR 14-15.) One record (June 6, 2012) cited by the ALJ checked "not applicable" as to the need for an assistive device. (AR 15, 355.) The ALJ also noted that a review of the records reveals no restrictions recommended by the treating doctor. (AR 15.)

The omission of the need for a cane, if supported, would not be harmless error because the occupations identified by the VE would be eliminated. (AR 58.) SSR 96-9p, however, requires "medical documentation of the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." Here, Claimant contends she is and should be using a cane and was given a cane through the physical therapy program. (AR 13, 43-44.) Her treating doctor, however, did not make any finding that a cane was needed, nor give a prescription for a cane or provide other medical documentation that establishes a cane is medically necessary and that describes the circumstances or how often Plaintiff would need to use a cane. Only a physician is an acceptable medical source regarding an impairment. 42 U.S.C. § 404.1513(a). Physical therapists are not. Id.

Plaintiff focuses on physical therapy notes that found she has a problem with balance and a decreased functional gait. Physical therapist statements may be used as evidence of the severity of an impairment and of how it affects a claimant's ability to work. 42 U.S.C. § 404.1513(d). Claimant, however, fails to offer a complete and fair summary of the physical therapy notes. As Claimant herself notes, the physical therapy program set goals for Claimant's improvement. (AR 354-361.) The physical therapy records indicate Claimant's condition improved with treatment. Id. On June 12, 2012,

1  Plaintiff managed the stair stepper well and had decreased pain.  (AR 357.)  On June

2  18, 2012, Plaintiff performed single leg stance training, cone stepping, line walking and

3  biking.  (AR 358.)  On June 21, 2012, Plaintiff's dynamic balance improved and she

4  reported no pain following treatment.  (AR 359.)  By July 3, 2012, Plaintiff improved her

5  single leg balance and endurance in walking, and experienced minimal pain in her lower

6  extremities.  (AR 360-361.)

7       At best, the evidence regarding the severity of Plaintiff's ambulatory impairments

8  is conflicting.  Plaintiff simply disagrees with the ALJ's finding regarding the medical

9  evidence but the ALJ is the one responsible for resolving conflicts in the medical

10  evidence and ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's

11  interpretation of the record is reasonable as it is here, it should not be second-guessed.

12  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

13           2.   Overhead Reaching Limitation

14       State agency physicians opined that Plaintiff could perform medium exertional

15  level work with occasional reaching with the left upper extremity.  (AR 16.)  The ALJ,

16  however, reduced her RFC to light work to account for the arthritis in her left shoulder,

17  her back pain, her cervical spine pain and the side effects of her medication.  (AR 16.)

18  The limitation to occasional overhead reaching with the left upper extremity remained.

19  (AR 13.)

20       Plaintiff challenges the ALJ's RFC overhead reaching limitation because two State

21  agency physicians limited Plaintiff to occasional reaching with the left upper extremity in

22  front and/or laterally as well as overhead.  (AR 71-72, 89-90.)  With this expanded

23  reaching limitation, the VE testified Plaintiff would not be able to perform her past

24  relevant work.  (AR 52.)  The VE also testified that the positions of inspector, assembler

25  and sorter (AR 17) could not be performed with the expanded reaching limitation.  (AR

26  56-57.)

27       The problem with Plaintiff's argument is that there are light jobs with occasional

28  but no expanded reaching or no reaching at all.  The ALJ specifically asked the VE if

Plaintiff could perform any jobs with a limitation on reaching in any direction, and the VE

gave three light work jobs:  fruit distributor (921.685-046), conveyor worker (524.687-

022) and usher (344.677-014).  (AR 57-58.)  The DOT characterizes these jobs as

involving "occasional" reaching but the VE testified that the DOT does not distinguish

between types of reaching.  (AR 52.)  The VE relied on her experience in determining

that these jobs did not involve expanded reaching and could be performed by Plaintiff.

(AR 57-58); Bayliss, 427 F.3d 1211, 1218 (9th Cir. 2005) (VE's recognized expertise

provides foundation for his or her testimony; no additional foundation is required).

Additionally, the agency's disability determination identified three jobs where reaching

was "not present":  school bus monitor (372.667-042), barker (342.657-010)  and

hostess (349.667-014).  (AR 73, 79.)  Thus, even with the extended reaching limitation,

Plaintiff would not be disabled.  Any error in the scope of the upper left extremity

limitation was harmless.  Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th

Cir. 2006).

\* \* \*

The ALJ properly considered the medical evidence in assessing Plaintiff's RFC.

## II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

### A.    Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony

turns on whether the claimant produces medical evidence of an impairment that

reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell

v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722;

Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's

testimony on the severity of symptoms merely because they are unsupported by

objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If

the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make

findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set

forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B.    Analysis

In determining Plaintiff's RFC, the ALJ concluded that Claimant's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms.  (AR 15.)  The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC.  (AR 15.)  Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

First, the ALJ found that the objective medical evidence does not support the alleged severity of the symptoms.  (AR 16.)  An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  Here, the ALJ found that the medical evidence established that Plaintiff's impairments of right knee pain, cervical spine pain and lumbar spine pain were not severe and would have no more than minimal effect on her ability to work.  (AR 13.)  There was no medical evidence to support claims of left leg pain.  (AR 13.)  As already noted, there is no medical evidence supporting the need for a cane to ambulate.  (AR 14-15.)  The medical evidence establishes that Claimant has the severe impairment of left shoulder arthritis but the ALJ accommodated this impairment by

limiting Plaintiff to occasional overhead reaching (AR 15-16) and there are light jobs that involve only occasional reaching or no reaching at all.  Plaintiff suffers from hypertension but there is no evidence of any end organ damage.  (AR 14-15.)  She also has an irregular heart beat but is not taking any medication for the condition, no surgery was recommended and she has not been seen by a specialist for this condition.  (AR 14-15.)

Plaintiff has type 2 diabetes but there is no medical evidence indicating end organ damage, neuropathy, acidosis or visual impairments.  (AR 14.)  She takes appropriate medications to control her diabetes and which have been effective in controlling her symptoms.  (AR 14-15.)  Impairments that can be controlled effectively with medication are not disabling for purposes of Social Security benefits.  Warre v. Comm's of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

The ALJ also noted that the record "reveals no restrictions recommended by the treating doctor," which would be expected for someone alleging total disability.  (AR 15.)  Plaintiff challenges this finding, asserting that no one ever asked her treating physicians for work restrictions.  This is not a convincing argument.  Nothing prevented Plaintiff from making that request of her physicians as typically occurs.  Additionally, the State agency physicians did not regard Plaintiff as disabled (AR 70), did not regard her as entirely credible (AR 71, 88) and did assess her with nondisabling limitations.

The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

/ / /

/ / /

/ / /

/ / /

/ / /

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: August 13, 2014

_____/s/ John E. McDermott_____
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE